**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ATP OIL & GAS CORPORATION,** | § | |
| | § | |
|     **DEBTOR.** | § | |
| | § | |
| | § | |
| **BENNU OIL & GAS, LLC** | § | **CASE NO. 12-36187** |
| | § | **(CHAPTER 7)** |
|     **PLAINTIFF,** | § | |
| | § | **ADVERSARY NO. 14-3001** |
| **v.** | § | |
| | § | |
| **BLUEWATER INDUSTRIES, LP** | § | |
| | § | |
|     **DEFENDANT.** | § | |
| | § | |
| | § | |

**JOINT PRETRIAL STATEMENT**

Pursuant to this Court's Third Amended Comprehensive Scheduling, Pretrial and Trial Order, dated October 9, 2014 (ECF No. 116), Local Bankruptcy Rule 7016 and Rule 6 of the Local Rules of the District Court, Bennu Oil & Gas, LLC ("Bennu") and Bluewater Industries, LP ("Bluewater") submit this Joint Pretrial Statement.

**1.       Statement of the Case**

This adversary proceeding was filed by Bennu against Bluewater and Technip USA, Inc. ("Technip") in January 2014.  Bluewater filed a counterclaim against Bennu and a third-party demand against Parker-Hannifin Corporation ("Parker"), which has been severed for trial. Technip filed a Counterclaim against Bennu.  The Court entered a scheduling order and the parties have engaged in extensive written discovery, depositions, and motion practice.  Bennu

and Technip have reached an agreement in principle on a settlement, based upon which, neither side will be pursuing its claims against one another in this action.

This case arises from an offshore construction project by the Debtor, ATP Oil & Gas Corporation ("ATP"), known as the "Clipper Project." Bluewater was ATP's general contractor, and Technip and Parker were two of Bluewater's subcontractors. Bennu acquired some of ATP's assets out of the bankruptcy, including assets and contracts relating to the Clipper Project.

The Court granted in part and denied in part Bluewater's motion for partial summary judgment as to certain categories of damages claimed by Bennu. The Court has under advisement Bennu's motion for partial summary judgment as to Bluewater's claims for payment on non-Clipper related work and its lien assertion.

Parker made a jury demand and moved for withdrawal of the reference as to Bluewater's third-party demand against it. That third-party demand against Parker has been severed for trial purposes and will be tried by the District Court.

This matter is set for a bench trial as to the claims between Bennu and Bluewater and Bennu and Technip beginning on November 3, 2014 at 9 a.m. The pretrial conference is set for October 29, 2014 at 1:30 p.m.

## 2.    Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157. Bennu contends this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (C), (K), (M) and (O) and per the terms of Paragraph 5 of the Court's Final Sale Order approving the sale of certain of the ATP's assets to Bennu. Bluewater denies this is a core proceeding.

Bennu and Bluewater do consent to entry of final orders or judgment by the Bankruptcy Court if it is determined that a bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the U. S. Constitution.

3.      **Pending Motions**

This following motions are pending:

A.      *Technip's Motion for Partial Summary Judgment* (as to certain of Bennu's claims) filed June 10, 2014 (ECF No. 68).  This motion has been mooted by settlement and withdrawn by Technip.

B.      *Bennu's Motion for Partial Summary Judgment* (as to certain Bluewater claims) filed August 15, 2014 (ECF No. 83).  This motion has been fully briefed and is under advisement.

C.      *Parker's Motion for Summary Judgment* (as to Bluewater's Third-Party Demand) filed September 22, 2014 (ECF No. 103).  This motion relates to the now-severed third-party demand.  It has <u>not</u> been fully briefed; the Court extended Bluewater's response date to December 5, 2014.

D.      *Bluewater's Motion for Reconsideration* (as to one aspect of the Court's September 18, 2014 ruling on Bluewater's Motion for Partial Summary Judgment) filed September 29, 2014 (ECF No. 111).  This motion has been fully briefed and is under advisement.

4.      **Contentions of the Parties**

**<u>Bennu's Contentions</u>**

Bennu acquired the Clipper Project from the sale of certain assets of ATP.  The Clipper Project called for the construction of a subsea tieback from subsea oil and gas wells located in Green Canyon Block 300 (the "Clipper Wells").  The project included the procurement, construction and installation of flowlines and an electro-hydraulic control umbilical (the "Umbilical") that would be connected from the Clipper Wells to a nearby production platform for the purpose of extracting oil and gas.  The Umbilical is a material part of the Clipper Project without which the subsea tieback cannot function.  To complete the Clipper Project, ATP and

Bluewater entered into two Clipper Project Work Orders -- one pursuant to the Master Services Agreement and the other pursuant to the Amended and Restated Master Services Agreement ("ARMSA") -- by which Bluewater agreed to provide certain design, engineering, construction, and other services.   Among other things, Bluewater was responsible for the design, manufacturing, and installation of the Umbilical.  To that end, Bluewater expressly warranted in the ARMSA that it would deliver a fully functioning Umbilical free of defects in design, workmanship and materials.  As part of the sale of the Clipper Project, Bennu assumed the ARMSA and the two work orders.

Three weeks after it became operational, the Umbilical's electrical quads failed, resulting in a complete and permanent loss of power to and communication between the Clipper Wells and the production platform.  Bennu contends that Bluewater breached its warranty by delivering an Umbilical that failed shortly after the inception of use.  In short, Bennu will show by a preponderance of the evidence that the Umbilical failed as a result of a problem within Bluewater's scope.  Bennu suffered more than $30 million in direct damages to remediate and replace the Umbilical.

This is also a proceeding to determine the cure amounts, if any, that Bennu must pay in connection with assumed contracts.[1]  Bluewater claims that it is entitled to approximately $15.5 million in unpaid "management fees" for work performed in addition to the $25 million in management fees Bluewater has already received in connection with the project.  As an initial matter, Bennu contends that because Bluewater failed to complete its scope of work under the ARMSA by delivering an Umbilical that was damaged and/or defective, Bluewater has materially breached Work Order II and therefore cannot seek a claim for any amounts due.

---

[1] Of course, any cure amount would be offset by Bennu's damages relating to the failed Umbilical.

Even if the Court determines that Bluewater can recover amounts allegedly owed, the evidence will show that the approximately $15.5 million Bluewater seeks is substantially overstated.  For more than a decade, Bluewater served as the general contractor on all but one of ATP's construction projects in the Gulf of Mexico, obtaining contracts without having to compete for them, and rarely working for other clients.  Bluewater subcontracted out all of the substantive construction work on ATP projects, performing none of it directly.  At the time of ATP's bankruptcy, Bluewater also suffered from severe liquidity issues.  Its Clipper Project invoicing became haphazard, and its project management team was encouraged to "pick the bones" of the contract to extract from ATP as much profit as possible.  In short, Bluewater's claim is overstated by more than $13 million as a result of invalid change orders and other improper accounting issues.

### Bluewater's Contentions

Bluewater contends that Bennu owes $17,819,552.41 for general contractor services provided to ATP on the Clipper Project ($15,618,863.00) and other projects ($2,200,689.41). Bennu should pay because it assumed the relevant ATP contracts.  This unpaid amount has three components: (i) a $123,019,878.00 lump sum price for "subsea" Clipper work, plus change orders approved by ATP; (ii) cost plus 15% for "topsides" Clipper work; and (iii) cost plus 15% for work on other projects (done without a work order).  Bluewater also contends it has a valid lien to secure payment of the amounts owed.

Bluewater denies Bennu's contention that Bluewater is liable for the umbilical's loss of electrical connectivity.  The cause is undetermined, and cannot be determined without pulling up the umbilical (which Bennu refuses to do).  Plausible alternative causes exist which are not Bluewater's responsibility.  For example, because ATP failed to obtain Builder's Risk insurance, its contract required it to indemnify Bluewater for installation-related damage.

5.      **Admissions of Fact**

      The Parties' Statement of Stipulated Facts is attached hereto as <u>Exhibit A</u>.

6.      **Contested Issues of Fact**

      The parties refer the Court to their respective Proposed Findings of Fact and Conclusions of Law for the facts in controversy that are necessary to the final disposition of the case. Bennu's Proposed Findings of Fact and Conclusions of Law are attached hereto as <u>Exhibit B</u>. Bluewater's Proposed Findings of Fact and Conclusions of Law are attached hereto as <u>Exhibit C</u>.

7.      **Agreed Applicable Propositions of Law**

      The parties agree that Louisiana law applies to the dispute for all substantive purposes, including as to who bears the burden of proof.

8.      **Contested Issues of Law**

      Bennu refers the Court to its Proposed Findings of Fact and Conclusions of Law for briefing on the issues of law in dispute.  Bluewater refers the Court to its Proposed Findings of Fact and Conclusions of Law and its Pretrial Memorandum for a list of, and briefing on, the issues of law in dispute.  Bennu's Proposed Findings of Fact and Conclusions of Law are attached hereto as <u>Exhibit B</u>.  Bluewater's Proposed Findings of Fact and Conclusions of Law are attached hereto as <u>Exhibit C</u>.

9.      **Exhibits**

      The Exhibit Lists of Bennu and Bluewater are attached hereto as <u>Exhibits D</u> and <u>E</u>, respectively.

10.     **Witnesses**

      <u>**Bennu's Witnesses**</u>:

      John Simon (will call)
      Chief Executive Officer
      Bennu Oil & Gas, LLC
      1330 Post Oak, Suite 1600
      Houston, TX 77056

John Simon will testify to the Clipper Project generally, the status of the Clipper Project from the summer of 2013 through the present, and matters concerning the Umbilical repair and remediation efforts.  Bennu expects to examine Mr. Simon for approximately 90 minutes.

Ross Frazer (will call)
3096 Chaco Canyon
College Station, TX 77845

Ross Frazer was ATP's project manager.  He will testify to the Clipper Project generally, matters concerning the approval of Variation Order Requests and other accounting issues, and issues relating to the Umbilical failure.  Bennu expects to examine Mr. Frazer for approximately 2 hours.

Jeff Parliament (will call)
Senior Installation Specialist
Technip USA, Inc.
11700 Katy Freeway, Suite 150
Houston, TX 77079

Jeff Parliament is a Senior Installation Specialist with Technip.  He was Technip's lead engineer on the Umbilical installation for the Clipper Project.  He will testify as to matters concerning the transpooling and installation of the Umbilical.  Bennu expects to examine Mr. Parliament for approximately 45 minutes.

Julie Ingram (will call)
6110 Piper Trail Lane
Fulshear, TX 77441

Julie Ingram was employed by Technip.  She served as the Project Manager for the Umbilical installation.  She will testify as to matters concerning the transpooling and installation of the Umbilical.  Bennu expects to examine Ms. Ingram for approximately 30 minutes.

Rodney Sowards (will call)
Vice President
Veritas Advisory Group, Inc.
1601 Elm Street, Suite 3600
Dallas, TX 75201

Rodney Sowards is a Vice President of Veritas Advisory Group, Inc.  He will offer an expert opinion on Clipper Project accounting issues and damages on behalf of Bennu.

Bradford Bright (will call)
Vice President
Veritas Advisory Group, Inc.
1601 Elm Street, Suite 3600
Dallas, TX 75201

Bradford Bright is a Vice President of Veritas Advisory Group, Inc.  He will offer an expert opinion on behalf of Bennu as to the appropriateness of certain Clipper Project change orders, matters concerning relevant principles of construction practice, and damages.

Bennu expects to examine Messrs. Sowards and Bright for approximately 2 1/2 hours.

Geoffrey High (will call)
Senior Consultant
Ocean Flow International
2100 West Loop South
Houston, TX 77027

Geoffrey High is an engineer in the oil and gas industry.  He will provide an expert opinion as to the nature and cause of the Umbilical failure on behalf of Bennu.  Bennu expects to examine Mr. High for approximately 90 minutes.

Peter Lang (may call)
Bennu Oil & Gas, LLC
1330 Post Oak, Suite 1600
Houston, TX 77056

Peter Lang is Bennu's Project Manager for the Clipper Project.  He may testify to matters concerning the Clipper Project post-November 1, 2013.  If called, Bennu expects to examine Mr. Lang for approximately 30 minutes.

James Fisher (may call)
Director
Opportune LLP
711 Louisiana, Suite 1770
Houston, TX  77002

James Fisher was Debtor ATP's financial advisor in charge of reviewing costs for the Clipper Project, and if called he will testify to those matters.  If called, Bennu expects to examine Mr. Fisher for approximately 30 minutes.

Bluewater estimates its cross-examination of each of Bennu's experts and of John Simon will take one hour each.  Its estimate regarding its examination of other witnesses listed by Bennu is set forth in Bluewater's witness insert.

**Bluewater's Witnesses**[2]

1.      George Casellas (expert)
        1319 Kingwood Drive
        Kingwood, Texas 77339

        Mr. Casellas is an expert who may testify regarding the umbilical's design, manufacture, testing, and possible causes for its loss of electrical connectivity, all with a focus on electrical aspects.

        Bluewater's direct examination will take an estimated 1 hour.

2.      Cliff Dronet
        1001 Noble Energy Way
        Houston, Texas 77070

        Mr. Dronet was Bluewater's Project Manager on the Clipper Project.  He may testify regarding Bluewater's (including subcontractors') work on the project, their invoices to ATP, change orders, delays on the Project, contracts between ATP and Bluewater, and the parties' course of dealing.  His direct examination will take an estimated 1.5 hours.

3.      Horacio Flores
        4848 Loop Central Drive
        Suite 137
        Houston, Texas 77801 (work).

        Mr. Flores supervised subsea aspects of the Clipper Project for Bluewater.  He may testify regarding the umbilical's design, manufacture, and testing, and its loss of electrical connectivity and the investigation regarding the same.

        Bluewater's direct examination will take an estimated 1 hour.

4.      Gregg Perkins (expert)
        1319 Kingwood Drive
        Kingwood, Texas 77339

        Mr. Perkins is an expert who may testify regarding the design, manufacture and testing of Clipper Project installations, and possible causes for the umbilical's loss of electrical connectivity.

        Bluewater's direct examination will take an estimated 1 hour.

---

[2] Nos. 1-5 will be called; the others may be called.

5.     James (Jim) Woodward
       5300 Memorial Drive, Suite 550
       Houston, Texas 77001

       Mr. Woodward is an attorney and Bluewater's Vice-President, Commercial.  He
       may testify regarding Bluewater's invoices for its work for ATP on the Clipper
       Project and other projects, the amounts owed by ATP, Bluewater's efforts to be
       paid, and its invoices/change orders.

       Bluewater's direct examination will take an estimated 1.5 hours.

6.     Ross Frazer (under cross-examination)
       3096 Chaco Canyon
       College Station, Texas 77845

       Mr. Frazer was ATP's project manager on the Clipper Project.  He may be asked
       about Bluewater's work for ATP on the Clipper Project and other projects,
       contracts and prior dealings between the parties, change orders, and payments to
       Bluewater and subcontractors.

       Bluewater's cross examination will take an estimated 1.5 hours.

7.     Keith Godwin (by deposition)
       13915 Canyon Maples Lane
       Cypress, TX 77429

       Mr. Godwin was ATP's CFO. The parties agreed to the use of Mr. Godwin's
       deposition in lieu of trial testimony.  His designated deposition testimony may
       include discussion of payments to Bluewater and its subcontractors, Bluewater's
       lien rights, and ATP's change order approval process.

8.     Julie Ingram
       11740 Katy Freeway, Suite 100
       Houston, TX 77079

       Ms. Ingram is a former Technip employee who was its project manager on the
       Clipper Project.  She may be asked about Technip's work on the Clipper Project,
       including transpooling, testing and installation of the umbilical and related
       equipment, as well as invoices and change orders relating to the project.

       Bluewater's direct examination will take an estimated ½ hour.

9.     Jimmy Jones
       106 Forrest Road
       Amelia, Texas 70340.

Mr. Jones was an inspector on the Clipper Project. He may testify regarding the manufacturing, transpooling, testing and installation of the umbilical. He may also testify about the parties' course of dealing.

Bluewater's direct examination will take an estimated 1 hour.

10.   P.J. Malsbary (under cross-examination)
      21510 Ganton Dr.
      Katy, Texas 77450

      Mr. Malsbary is employed by Parker. He may be asked about the design, manufacturing, testing and installation of the umbilical.

      Bluewater's cross examination will take an estimated 1 hour.

11.   Louis Stanley (Stan) Mendenhall
      5300 Memorial Drive, Suite 550
      Houston, Texas 77007

      Mr. Mendenhall is Bluewater's CEO. He may testify regarding Bluewater's work for ATP on the Clipper Project and other projects, delays on the Clipper Project, contracts between the parties, the course of dealing between the parties, and Bluewater's efforts to be paid for its work and invoices/change orders.

      Bluewater's direct examination will take an estimated 1 hour.

12.   Jeff Parliament
      11740 Katy Freeway, Suite 100
      Houston, Texas 77079

      Mr. Parliament is a Technip employee who may be called to testify regarding Technip's work on the Clipper Project, including transpooling, testing and installation of the umbilical and related equipment.

      Bluewater's direct examination will take an estimated ½ hour.

13.   Leland Tate (under cross-examination)
      4740 Post Oak Timber Drive, No. 44
      Houston, Texas 77056

      Mr. Tate was ATP's President. He may be asked about Bluewater's work for ATP on the Clipper Project, contracts and prior dealings between the parties, and payments to Bluewater and subcontractors.

      Bluewater's cross examination will take an estimated ½ hour.

Bennu estimates cross-examination of one hour for each of Bluewater's experts, Mr. Dronet, Mr. Flores, and Mr. Woodward, 45 minutes for each of Mr. Mendenhall and Mr.

Malsbary, and a half hour for each of Mr. Jones and Mr. Tate.  For all other witnesses, Bennu's estimates are identified above in its list of witnesses.

**Qualifications of Experts**:

Bluewater stipulates to the qualifications of Rodney Sowards and Bradford Bright to offer expert testimony concerning accounting matters.  As for expert testimony concerning the umbilical failure, depositions of each side's experts are scheduled for October 27 and 28.  The parties do not anticipate any issues as to their qualifications, but reserve the right to object at the pretrial conference based upon any issues that arise as a result of the depositions.

**11.    Settlement**

The parties have engaged in good faith settlement discussions, but they remain far apart. Bennu and Bluewater each have claims that amount to tens of millions of dollars.  The principal issues in dispute are (1) the cause of the Umbilical's failure, and (2) the proper accounting of costs under the operative contracts.

**12.    Estimated Trial Time**

Bennu estimates that it will need approximately two full days of witness time.  Bluewater also estimates that it will need approximately two full days of witness time.  All witnesses are available for trial the week of November 3, 2014.

**13.    Attachments**

Exhibit A: Statement of Stipulated Facts

Exhibit B: Bennu's Proposed Findings of Fact and Conclusions of Law

Exhibit C: Bluewater's Proposed Findings of Fact and Conclusions of Law

Exhibit D: Bennu's Witness and Exhibit List

Exhibit E: Bluewater's Witness and Exhibit List

Exhibit F: Bennu's Objections to Bluewater's Exhibits

(Bluewater will separately file its objections to Bennu's exhibits.)

**DATED: October 24, 2014**

Respectfully submitted,

_____
        */s/ John M. Landis*
John M. Landis, La. Bar No. 7958
Admitted *Pro Hac Vice*
Andrew D. Mendez, Texas Bar No. 797066
Nicholas J. Wehlen, La. Bar No. 29476
Admitted *Pro Hac Vice*
Brooke C. Tigchelaar, La. Bar No. 32029
Admitted *Pro Hac Vice*
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, Louisiana  70130-3588
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361


-and-

_____
        */s/ Elizabeth Guffy*
Elizabeth Guffy, Texas Bar No. 08592525
**Locke Lord LLP**
2800 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Telephone:  (713) 226-1328
Facsimile:   (713) 226-2647


*Counsel for Bluewater Industries, LP*

Respectfully submitted,

_____
        */s/ Andrew J. Gallo*
Ronald J. Silverman (admitted *pro hac vice*)
Andrew J. Gallo (admitted *pro hac vice*)
**BINGHAM MCCUTCHEN LLP**
399 Park Avenue
New York, New York 10022
Telephone:  (212) 705-7000
Facsimile:  (212) 752-5378

-and-

_____
        */s/ Kristen L. Sherwin*
Phillip L. Lamberson – SBT No. 00794134
R. Michael Farquhar – SBT No. 06828500
(admitted *pro hac vice*)
Michelle I. Rieger – SBT No. 02149490
S.D. Tex. No. 11236
Kristen L. Sherwin – SBT No. 24043918
S.D. Tex. No. 1066009
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75270
Telephone:  (214) 745-5400
Facsimile:  (214) 745-5390

*Counsel for Bennu Oil & Gas, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of this document is being served via e-mail to counsel of record

on October 24, 2014.


_/s/ Andrew J. Gallo_
Andrew J. Gallo