

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
06/15/2017

| | | |
|---|---|---|
| IN RE: | § | |
| ATP OIL & GAS CORPORATION | § | CASE NO: 12-36187 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| BENNU OIL & GAS, LLC | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 14-3001 |
| | § | |
| BLUEWATER INDUSTRIES, L.P., *et al* | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION

The Court issues this Memorandum Opinion and accompanying Order to resolve Trustee Ronald J. Sommers' motion to reopen this adversary proceeding and to substitute parties, as well as Sommers' motion for leave to file a second amended demand. Sommers is the chapter 7 trustee for Bluewater Industries, L.P.'s bankruptcy estate. As set forth below, the Court will reopen this adversary proceeding and allow Sommers' to substitute for Bluewater, but it must address Parker-Hannifin Corp.'s pending motion for summary judgment before it considers Bluewater's motion for leave to file an amended demand.

### Background

This adversary proceeding was initiated by Bennu Oil & Gas, LLC, the purchaser of certain assets of ATP Oil & Gas Corp. against, among others, Bluewater Industries L.P. on January 3, 2014. (ECF No. 1). Bennu alleged warranty and contract claims against Bluewater in connection with Bluewater's responsibilities to ATP for the construction of an undersea pipeline known as the Clipper Project. On February 12, 2014, Bluewater filed a counterclaim against Bennu for amounts due under the Clipper Project contract with ATP. (ECF No. 27). Bluewater

also asserted claims against Parker-Hannifin Corp., the manufacturer of the subsea umbilical, the failure of which was the basis of Bennu's warranty claims against Bluewater.  (*Id.*).

On August 29, 2014, Bluewater filed its first amended third-party demand against Parker. (ECF No. 89).  On September 2, 2014, Parker filed a jury demand and motion for withdrawal of the reference.  (ECF Nos. 90 and 91).  Parker answered Bluewater's amended demand on September 12, 2014.  (ECF No. 97).

*Severance and Trial*

After Parker filed its jury demand and motion to withdraw the reference, the parties agreed to sever Bluewater's claims against Parker from claims between Bluewater and Bennu. The parties set forth their agreement in a motion granted by an Order of the Court on September 24, 2014.  (ECF No. 109).  The Order provided, in pertinent part:

> IT IS HEREBY ORDERED that . . . Bluewater's Third-Party Demand is SEVERED for the purposes of trial from the remaining claims, disputes and parties in this Adversary Proceeding (hereafter, the "Remaining Action"), and this Court will continue to exercise jurisdiction over the Third-Party Demand with respect to all other pretrial proceedings until such time as the Court determines it is ready for trial.  Following the resolution of the Remaining Action, Bluewater and Parker shall on request be permitted to engage in additional discovery, including with respect to evidence and expert designations on damages.  At such time as this Court determines that the severed action is ready for trial, this Court will enter a report and recommendation that the reference be withdrawn as to the severed action and that it proceed in United States District Court for trial.
>
> IT IS FURTHER ORDERED that this Court's findings of fact and conclusions of law following the trial of the Remaining Action shall not bind Parker in any subsequent proceedings between Bluewater and Parker in the District Court.

(ECF No. 109).

On November 3, 2014, a seven-day trial commenced on the claims between Bennu and Bluewater.  On July 15, 2015, the Court issued a Memorandum Opinion holding that Bluewater was entitled to recover $16,552,937.61 from Bennu for amounts due under the Clipper Project

contract.  (ECF No. 176).  The Court also held that Bluewater was liable to Bennu in the amount of $29,709,192.00 for its warranty claims in connection with the failed subsea umbilical.  (*Id.*). The Court issued a Judgment in favor of Bennu captioned "Final Judgment." (ECF No. 183).  No appeal followed.  The Judgment provided that "Bennu is awarded judgment against Bluewater in the amount of $13,186,254.39" and further that "all other relief is denied." (ECF No. 183).

*Motion for Summary Judgment*

On September 22, 2014, two days before the Court issued its order severing Bluewater's claims against Parker, Parker filed a motion for summary judgment.   (ECF No. 103). Bluewater's deadline to respond was extended by agreement several times.  (ECF Nos. 117, 154, 166, 169, 187).  The final extension resulted in a response deadline of September 15, 2015. (ECF No. 187).

On September 1, 2015, Bluewater's counsel, Stone Pigman Walther Wittman L.L.C., filed an *ex parte* motion to withdraw as counsel to Bluewater.  (ECF No. 192).  In its motion, Stone Pigman acknowledged that Bluewater's claims against Parker remained to be litigated, and that Bluewater must file a response to Parker's motion for summary judgment by September 15, 2015.  (*Id.*).  Stone Pigman stated that Bluewater directed them to take no action with respect to Parker's motion.  (*Id.*).  On September 25, 2015, the Court granted Stone Pigman's motion to withdraw.  (ECF No. 193).  Bluewater did not file a response to Parker's motion for summary judgment by the September 15, 2015, deadline.

On October 20, 2015, Bluewater filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  (Case No. 15-35530).  Sommers was appointed chapter 7 trustee for Bluewater's estate.  (Case No. 15-35530, ECF No. 11).   Sommers retained special litigation

counsel to prosecute the Bluewater bankruptcy estate's claims against Parker in this Adversary Proceeding.  (Case No. 15-35530, ECF No. 26).

On March 8, 2017, Sommers filed a motion to reopen this Adversary Proceeding.[1]  (ECF No. 196).   The parties filed competing briefs asserting several arguments for and against reopening this proceeding.  (ECF Nos. 198, 205, 206).  On May 12, 2017, the Court heard oral arguments on Sommers' motion and took the motion under advisement.

## Jurisdiction and Authority

Bluewater Industries, L.P. is a debtor in an open chapter 7 bankruptcy case pending in the United State Bankruptcy Court for the Southern District of Texas.   (Case No. 15-35530). Section 1334 provides that district courts have subject matter jurisdiction over all "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  With respect to bankruptcy cases that remain open, the Firth Circuit has held that "it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). The Fifth Circuit noted that § 1334(b)'s language operates "conjunctively to define the scope of jurisdiction." *Id.*   Consequently, bankruptcy courts need only "determine whether a matter is at least 'related to' the bankruptcy." *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999) (citing *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995); *In re Wood*, 825 F.2d at 93).   Bluewater asserts claims against Parker that, if successful, would benefit Bluewater's chapter 7 bankruptcy estate.   Accordingly, the Court possesses "related to" jurisdiction pursuant to § 1334(b).

Although subject matter jurisdiction is proper in this Court, questions regarding an Article I judge's constitutional authority must be addressed.   Under *Stern v. Marshall*, the

---

[1] This Adversary Proceeding was administratively closed on February 3, 2016.

Supreme Court held that whether a bankruptcy court can enter a final judgment in a case depends on whether the cause of action stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.  131 S.Ct. 2594, 2618 (2011).  This adversary proceeding involves state law claims and would not necessarily be resolved in the claims allowance process.

Parker has filed a motion for withdrawal of the reference in this adversary proceeding. (ECF No. 91).  With consent of the parties, the Court abated Parker's motion until the completion of all pretrial matters, but preserved all parties' rights to terminate abatement and seek withdrawal of the reference when all pretrial matters concluded.  (ECF No. 109) (*see also* ECF No. 105) ("Bluewater and Parker respectfully request that the Court allow additional discovery . . . and recommend that the reference be withdrawn for trial in the District Court at such time that this Court certifies that it is ready for trial.").  In any event, even in proceedings where a court lacks constitutional authority to enter a final judgment, it may nevertheless issue interlocutory orders.  *Trevino v. HSBC Mortg. Serv. (In re Trevino)*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015).  This Memorandum Opinion and accompanying Order concern pretrial matters and are otherwise interlocutory.  Accordingly, the Court possesses the necessary constitutional authority.

## Analysis

*Severance*

The parties dispute the effect of the Court's severance order.  Parker contends that the Court ordered a separate trial for Bluewater's claims pursuant to Fed. R. Civ. P. 42 while Sommers argues that the claims were severed pursuant to Rule 21.  Parker argues that if the Court merely ordered a separate trial for Bluewater's claims against Parker, then the Court's final judgment would also be final as to Bluewater's claims against Parker.  Parker cites the

language of the final judgment that "denies all other relief" for support that Bluewater's third party demand was adjudicated by the final judgment. (ECF No. 198 at 2). Because Bluewater failed to appeal the final judgment, Parker argues that Sommers should not be allowed to reopen the adversary proceeding. Sommers argues that the severance order was issued pursuant to Rule 21, and accordingly the final judgment did not resolve Bluewater's claims against Parker. (ECF No. 205 at 5).

The severance order does not specify which rule was invoked. The parties' confusion appears to arise from the language of the order stating that the claims are "severed for the purposes of trial."[2] Rule 21, made applicable to bankruptcy adversary proceedings through Fed. R. Bankr. P. 7021, provides that "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Rule 42, made applicable through Fed. R. Bankr. P. 7042, provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). The use of the term "severed" in the order suggests Rule 21, while the limiting language "purposes of trial" tends toward an order for a separate trial pursuant to Rule 42.

Motions for severance and motions for separate trials are distinct and should be treated as such. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993). Claims severed pursuant to Rule 21 proceed as a discrete, independent action and a court may render a final, appealable judgment in either action even if unresolved claims exist in the other. *Allied Elevator, Inc. v. E. Texas State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992). On the contrary,

---

[2] The language of the agreed severance order was negotiated and drafted by the parties and was subsequently approved by the Court. (ECF No. 105-1).

an order for a separate trial pursuant to Rule 42 does not result in a separate action, and, absent a Rule 54 certification, orders issued are not final and appealable until all claims are resolved.

The Court's September 24, 2014, Severance Order was issued pursuant to Rule 21. Parker disputes this conclusion because Bluewater's claim was not assigned an independent case number. (ECF No. 198 at 3; ECF No. 206 at 3). Assigning a new case number to a severed claim is a ministerial act consistent with Rule 21 severance, but it is not the litmus test that Parker argues. The Fifth Circuit has found severance under Rule 21 on several occasions despite the lack of clear reference to the rule, and in circumstances that suggest no new case number was assigned. *See Allied Elevator, Inc. v. E. Texas State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992) ("Although the district court did not explicitly refer to Rule 21, we conclude that the district court clearly intended to sever the judgment on the counterclaim."); *U.S. v. O'Neil*, 709 F.2d 361, 371 (5th Cir. 1983).

There are at least two post-severance events that confirm Rule 21 severance of Bluewater's claims against Parker.

First, severance under Rule 21 was evidenced by the final judgment issued against Bluewater on July 30, 2015. When a court issues a judgment "couched in language calculated to conclude all claims before it, that judgment is final." *Moreau v. Harris County*, 158 F.3d 241, 244 (5th Cir. 1998). The Court's July 30, 2015, judgment, entitled "Final Judgment," resolved all unsevered claims in this adversary proceeding. The severed claims were not addressed in the judgment because they were the subject of a separate proceeding, albeit one without a separate case number.

Second, Bluewater's response to Parker's motion for summary judgment was not due until 21 days after the Court resolved the claims between Bennu and Bluewater. (ECF No. 169).

On July 30, 2015, the day the final judgment was issued, the clock started on Bluewater's 21-days to respond to Parker's motion.  On August 4, 2015, *by agreed motion*, the Court again extended Bluewater's time to respond to Parker's motion.  (ECF No. 187).  The parties' agreed motion to extend time reflects the parties' understanding that the Court's judgment did not resolve the claims between Bluewater and Parker.  The Court's subsequent consideration of the motion *after* it issued a final judgment further evidences the severance of Bluewater's claims against Parker under Rule 21.  The parties' conduct in filing the agreed motion and the Court's consideration of the motion are inconsistent with Parker's argument that Bluewater's claims against Parker were resolved by the final judgment.  (ECF No. 198 at 7-8).

*Dismissal with prejudice for want of prosecution is inappropriate*

Parker's motion for summary judgment remains pending.  (ECF No. 103).  Though the Court's final judgment resolving the claims between Bluewater and Bennu did not dispose of Bluewater's claims against Parker, the Court must consider whether Bluewater's failure to prosecute them did.  Parker's motion was filed on September 22, 2014, and the most recent extension granted by the Court required a response by September 15, 2015.  Bluewater did not respond to Parker's motion.  On February 3, 2016, without ruling on Parker's motion, the Court administratively closed the adversary proceeding.  It was not until March, 8, 2017, that Sommers filed his motion to reopen the adversary proceeding.  (ECF No. 196).

Parker argues that Bluewater did not oppose Parker's motion for summary judgment, as evidenced by Stone Pigman's representation that Bluewater directed it "to take no action with respect to Parker's motion." (ECF No. 198 at 5).  Sommers argues that Bluewater's opposition was evident by its continued motions seeking extension of the time to respond.  (ECF No. 205 at 5).  The Court will not consider the representation of counsel made in an ex parte motion to

withdraw as an affirmative statement of non-opposition.  Nevertheless, Bluewater's failure to respond by the September 15, 2015, deadline may prove fatal.

The Fifth Circuit allows dismissal with prejudice for want of prosecution if: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). Generally, at least one of the following aggravating factors is also required: (1) delay caused by the plaintiff and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 766 n.9; *see also Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (though not required, the presence of aggravating circumstances must "usually be found.").   The court has the authority to dismiss a case for want of prosecution sua sponte. *Link v. Wabash R. Co.*, 370 U.S. 628, 630 (1962).

Parker's primary argument is that Bluewater should not be permitted to respond to its motion for summary judgment two-and-a-half years after it was filed, and one-and-a-half years after the deadline to respond elapsed.  (ECF No. 198 at 9).  Parker argues that allowing Sommers the opportunity to assert Bluewater's claim at this juncture would reward bad behavior and unfairly prejudice Parker.  (*Id.*).  Apart from alleging a failure to timely respond, Parker does not allege that Bluewater at any time flouted or defied orders of the Court.  The deadline to respond to Parker's motion was extended several times, but all of the extensions were granted with Parker's consent.  The Court must determine whether, by itself, Bluewater's eighteen-month break in participation is sufficient to constitute dilatory or contumacious conduct.  If not, then dismissal with prejudice for want of prosecution is inappropriate.

Sommers argues that Bluewater's failure to timely respond occurred because, under the circumstances, it "could not respond." (ECF No. 205 at 6).  It is not in dispute that after Bennu

was awarded judgment against Bluewater, Bluewater's financial ability to continue business operations, prosecute claims, or even appeal the judgment was limited. (*Id.*). Nevertheless, as Parker points out, diminished financial capacity does not excuse a party's responsibility to participate in litigation. (ECF No. 206 at 4). Even litigants proceeding pro se must prosecute their claims with diligence and comply with all deadlines set by the court. *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015). However, Bluewater's reasons for neglecting to respond to Parker's motion are relevant to the extent they bear on whether Bluewater engaged in dilatory or contumacious tactics.

The first requirement of the test asks whether there is a "clear record of delay or contumacious conduct by the plaintiff." The Fifth Circuit has defined contumacious to mean "stubbornly perverse or rebellious; willfully disobedient." *In re Wood*, 199 F. App'x 329, 332 (5th Cir. 1997). Parker does not allege contumacious conduct and none is reflected in the record. Before its counsel withdrew and the September 15, 2015, deadline elapsed, Bluewater participated fully in this case. Accordingly, the Court will consider only whether Bluewater demonstrated a clear record of delay. *See Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (noting that the test is disjunctive). A clear record of delay is found where there have been "significant periods of total inactivity." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992). Critically, there must be *periods* of inactivity; a single break does not suffice. *In re Wood*, 199 F. App'x at 333 ("The . . . period relied on by appellee is only one time period, and our precedent indicates that there must be 'significant periods,' plural.").

"A dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry*, 975 F.2d at 1191. Accordingly, it is reserved for the most egregious cases. *Clofer v. Perego*, 106 F.3d 678 (5th Cir. 1997). While a single 18-month

gap in prosecution is substantial, it is not sufficient to satisfy the first prong of the test because it was the only instance of delay. After review of the cases in which the Fifth Circuit has affirmed dismissal for want of prosecution, it is apparent that repeated instances of delinquent conduct are required. *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982) (finding that plaintiff's conduct "simply did not equal the delinquencies that this court has found amount to a clear record of delay in affirming other Rule 41(b) dismissals with prejudice."). Accordingly, dismissal with prejudice for want of prosecution of Bluewater's claims is inappropriate.

*The Court will consider Parker's motion for summary judgment without response*

Parker requests that the Court consider its motion for summary judgment without a response. Indeed, if Sommers requested an extension of time to respond to Parker's motion at this stage, it is unlikely he would be able to demonstrate excusable neglect as required by Fed. R. Civ. P. 6(b)(1)(B). [3] Instead, Sommers seeks leave to file an amended demand. (ECF No. 208). Sommers argues that because no scheduling order has issued in the severed proceeding, the Court should freely give leave to amend pursuant to Rule 15(a)(2). (ECF No. 208 at 5). Sommers seeks to moot Parker's motion for summary judgment by filing an amended complaint. (ECF No. 205 at 13) ("Notably, the MSJ will be rendered moot, in part, if the Court grants the Motion for Leave to Amend the Second Amended Third-Party Claim"). Allowing Sommers to avoid the excusable neglect standard for filing an extraordinarily late response to Parker's motion by instead seeking leave to amend his complaint under a potentially less rigorous standard would be unfair to Parker. The Court will not permit such patent unfairness. The Court will consider Parker's motion without allowing a response. *See McDade v. Wells Fargo Bank,*

---

[3] In evaluating excusable neglect, a court considers: "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

*N.A.*, 2011 WL 4860023, at *1-2 (S.D. Tex. Oct. 13, 2011) (refusing to consider plaintiff's amended complaint until after consideration of dispositive motions).  Sommers' motion for leave to amend is denied without prejudice to refiling, if appropriate, after the Court rules on Parker's motion for summary judgment.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **June 15, 2017.**

_____

Marvin Isgur

UNITED STATES BANKRUPTCY JUDGE